## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| USA SPORTS, INC.<br>  *Plaintiff*,<br><br>v.<br><br>ONNIT LABS, LLC<br><br>  *Defendant*. | CASE NO.  1:15cv00125 |

## ORIGINAL COMPLAINT

For its complaint against Onnit Labs, LLC ("Onnit) plaintiff USA Sports, Inc. ("USA Sports")

alleges:

## PARTIES

1.  USA Sports is a corporation organized under the laws of the State of Texas and

has its principal place of business in Houston, Texas.

2.  Onnit is a corporation organized under the laws of the State of Texas

and had its principal place of business within this judicial district.


## NATURE OF ACTION, JURISDICTION AND VENUE

3.  This is an action for: (a) patent infringement under the Patent Act, 35 U.S.C. § 1

*et seq.*; (b) infringement of unregistered trademarks under the Lanham Act, 15 U.S.C. § 1125(a); and

(c) related state common law claims.

4.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal

Question), § 1338 (Patent, Trademark and Unfair Competition) and § 1367 (Supplemental

Jurisdiction), and/or 15 U.S.C. § 1121 (Lanham Act).

5.      Venue is proper under 28 U.S.C. §§ 1391(b) & (c), § 1400(a), and/or § 1400(b)

because, among other things, defendant Onnit resides in this district and has its principal place of

business in this district; because a substantial part of the events or omissions giving rise to the claims

occurred in this District; and/or because a substantial part of the property that is the subject of this

action is situated in this District.


## FACTS COMMON TO ALL COUNTS

### USA Sports Property Rights

7.      USA Sports is the owner by assignment of U.S. Patent No. D672,416 issued

December 11, 2012 (the "'416 Design Patent"), which is valid and enforceable. The '416 Design

Patent is directed to an ornamental design for a wall ball. A true and correct copy of the '416 design

patent is attached as Exhibit A.

8.      At all times relevant to this action, USA Sports has complied with any notice

provisions of 35 U.S.C. § 287 as they may relate to the '416 Design Patent.

9.      Over the years, USA Sports has manufactured, or had manufactured for it, and

sold a wide variety of athletic equipment. Among its better-known products are products sold

under its famous registered VTX trademark.

10.     Years ago, USA Sports began utilizing a unique trade dress for certain

products sold under the VTX mark (the "VTX Trade Dress") including, specifically, its wall ball

products. The unique trade dress is generally reflected in the images below:




12.     As will be noted in the images provided above, the VTX Trade Dress for USA Sports' VTX

wall ball products includes material panels that have the general appearance of a "V" and other

panels that have the general appearance of an "X."  The shape and design of these panels was

selected by USA Sports to associate the VTX wall ball product with USA Sport's famous VTX

trademark.

13.     The overall appearance of the USA Sports' wall balls using the VTX Trade Dress provides a

certain distinctive and non-functional appearance that, taken as a whole in combination, identifies

the wall balls as originating exclusively with USA Sports.

14.     USA Sports has used and actively promoted the VTX Trade Dress to identify to

customers and users the high quality wall ball products it sells extensively throughout the United States

and other parts of the world.

15.     USA Sports has sold substantial numbers of wall balls bearing the VTX Trade

Dress.  USA Sports has extensively advertised, marketed, and promoted its wall balls bearing the VTX

Trade Dress. USA Sports' wall balls bearing the VTX Trade Dress are well known and well respected

for quality and dependability.

16.     The VTX Trade Dress has developed a secondary meaning within the relevant

market, which meaning signifies quality wall balls originating with a single source, USA Sports.

17.     The VTX Trade Dress is inherently distinctive as to wall balls, and is now

famous for wall balls.

### Defendants' Improper Activities

18.     Onnit has offered for sale, exposed for sale, and sold and is currently offering and exposing

for sale various sizes of the Onnit Battle Ball.

19.     Onnit engaged in the acts set forth in the previous paragraph, in part,

through its website, www.onnit.com.  A portion of a page from that website exposing the Onnit Battle

Ball products for sale is reproduced below:



## COUNT I

### Infringement of the '416 Design Patent

20.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

21.     Defendants have committed acts of direct and indirect patent infringement by making, using, selling, offering to sell, and/or importing wall balls that infringe the ''416 Design Patent.

22.     Defendants have applied the design of the '416 Design Patent, or a

colorable imitation thereof, to an article of manufacture for the purpose of sale and/or have sold or

exposed for sale articles of manufacture to which the design or colorable imitation has been applied.

As such, they are liable to USA Sports for their total profit under 35 U.S.C. § 289.

23.     As a result of USA Sports' activities, its prior purchase of USA Sports' VTX wall balls,

USA Sports consistent marking of its VTX wall ball products with the patent number for the '416

Design Patent, Onnit is believed to have knowledge of the '416 Design Patent and to have had such

knowledge as of the time it adopted its current design for the Onnit Battle Ball wall ball products. As

such, Onnit's infringement of the '416 Design Patents is deliberate and willful. The allegations and

factual contentions set forth in this paragraph have evidentiary support and are likely to have additional

evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R.

Civ. P. 11(b)(3).


## COUNT II

### Trade Dress Infringement under the Lanham Act

24.     The allegations in the preceding paragraphs of this Complaint are hereby restated

and incorporated by reference.

25.     Without authorization, Onnit has used in connection with

goods, and continue to use in interstate commerce and/or in commerce between the United States and

foreign nations, a symbol or device in the form of a reproduction, or copy of the USA Sports VTX

Trade Dress, which is likely to cause confusion, or to cause mistake, or to deceive as to Page the

affiliation, connection, or association of Onnit, or as to the origin, sponsorship, or approval of their

goods or commercial activities. Onnit is liable for such unauthorized use under 15 U.S.C. §

1125(a)(1)(A).

26.     As a result of such unauthorized use of a counterfeit, reproduction, or copy of the

USA Sports VTX Trade Dress, USA Sports has suffered damages in the form of lost sales, lost profits,

and injury to its goodwill and business reputation symbolized by the USA Sports VTX Trade Dress.

27.     Further, as a result of such unauthorized use, Onnit has made unjust profits and ill-gotten

gains from the sale of its goods by trading on the reputation and goodwill associated with the USA

Sports VTX Trade Dress.

28.     In addition, USA Sports will be irreparably harmed and damaged by the

continuation of such unauthorized use and does not have adequate remedies at law.


## COUNT III

### Trademark and Trade Dress Infringement under Texas Common Law

40.     The allegations in the preceding paragraphs of this Complaint are hereby restated

and incorporated by reference.

41.     Onnit's conduct and actions set forth above constitute

trademark and trade dress infringement in violation of the common law of Texas.

42.     As a result of such infringement, USA Sports has suffered damages in the form of

lost sales and lost profits and USA Sports has suffered injury to its goodwill and business reputation

symbolized by the USA Sports VTX Trade Dress.

43.     Further, as a result of such infringement, Onnit has made unjust profits and ill-

gotten gains from the sale of its goods by trading on the reputation and goodwill associated with the

VTX Trade Dress.

44.     In addition, USA Sports will be irreparably harmed and damaged by the

continuation of such unauthorized use. USA Sports' complete remedies at law for the continuation

of such infringement are inadequate.

## COUNT IV

### Unfair Competition under Texas Common Law

48.     The allegations in the preceding paragraphs of this Complaint are hereby restated

and incorporated by reference.

49.     Onnit's conduct and actions set forth above constitute unfair competition in violation of

the common law of Texas.

50.     As a result of such unfair competition, USA Sports has suffered damages in the

form of lost sales and lost profits and USA Sports has suffered injury to its goodwill and business

reputation symbolized by the VTX Trade Dress.

51.     Further, as a result of such unfair competition, Onnit has made unjust profits and ill-gotten

gains from the sale of its goods by trading on the reputation and goodwill associated with the VTX

Trade Dress.

52.     In addition, USA Sports will be irreparably harmed and damaged by the

continuation of such unfair competition and does not have adequate remedies at law.

## COUNT V

### Unjust Enrichment under Texas Common Law

53.     The allegations in the preceding paragraphs of this Complaint are hereby restated

and incorporated herein.

54.     Onnit's conduct and actions set forth above constitute

unjust enrichment under the common law of Texas.

55.     USA Sports is thus entitled to disgorgement of the unjust profits made by

Onnit.

**PRAYER**

**WHEREFORE**, USA Sports requests judgment against Onnit as follows:

1.      A preliminary and permanent injunction against the patent and trade dress infringement and unfair competition in such form as the Court deems just;

2.      An award of Onnit's profits for infringement of the VTX Trade Dress, increased as the Court deems just;

3.      An award to USA Sports of damages for trade dress infringement and unfair competition, increased to three fold as the Court deems just;

4.      An award to USA Sports of damages for patent infringement, including an award of profits under 35 U.S.C. § 289;

5.      An award of attorney fees based on a finding that this is an exceptional case pursuant to 15 U.S.C. § 1117(a);

6.      An award of attorney fees and enhanced damages based on a finding that this is an exceptional case pursuant to 15 U.S.C. § 1117(a);

7.      That this case be declared exceptional under the patent laws and this Court award enhanced damages under 35 U.S.C. § 284; and attorney fees and costs under 35 U.S.C. § 285 or other applicable statute;

8.      An award of compensatory damages under the state law claims;

9.      An award of punitive damages under the state law claims;

10.     An award of Onnit's unjust profits and ill-gotten gains under the unjust enrichment claim;

12.     An award of prejudgment interest and costs of the action; and

13.     Such other and further relief as the Court may deem just and proper

February 11, 2015

Respectfully submitted,

_/s/ Robert J. McAughan, Jr._
Robert J. McAughan, Jr.
Attorney In Charge
TX State Bar No. 00786096
bmcaughan@smd-iplaw.com
David L. Terrell
TX. State Bar No. 24063030
dterrell@smd-iplaw.com
SUTTON MCAUGHAN DEAVER PLLC
Three Riverway, Suite 900
Houston, TX 77056
(713) 800-5700 (T)
(713) 800-5699 (F)

_Attorneys for Plaintiff_
**USA Sports, Inc.**